# EXHIBIT 2

12228-2002
2-201
#6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - CIVIL TERM - PART 23
---------------------------------------------X
MIDAMINES SPRL LTD., HASSAN ABBAS, PRO SE,
Plaintiff,

-against-

KBC BANK NV,

Defendant.
---------------------------------------------X
Index # 100383/15
PROCEEDINGS

60 Centre Street
New York, New York 10007
February 5, 2016

B E F O R E:
HONORABLE RICHARD BRAUN, Justice.

A P P E A R A N C E S:
COHEN, LaBARBERA & LANDRIGAN, LLP
40 Matthews Street - Suite 203
Goshen, New York 10924
BY: THOMAS C. LANDRIGAN, ESQ.
Attorneys for Plaintiff

ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, New York 10019-6142
BY: KATHERINE L. MACO, ESQ.
CARRIE H. LEBIGRE, ESQ.
Attorneys for Defendant

HASSAN A. ABBAS
Pro Se
19 Don Carlos Drive
Hanover Park, Illinois 60133

ALDORINE WALKER, RPR
Official Court Reporter

Proceedings

THE COURT: This is a motion and cross-motion before this Court on this date. Appearances by the attorneys, and state whom you represent, starting with plaintiff's counsel.

MR. LANDRIGAN: Thomas Landrigan; Cohen, LaBarbera & Landrigan, on behalf of Midamines.

MR. ABBAS: Hassan Abbas, plaintiff, pro se.

THE COURT: I believe on the appearance sheet, Mr. Landrigan, it says you represent the plaintiffs. Are you representing both plaintiffs or are you representing the corporation?

MR. LANDRIGAN: Just the corporation. If it please the Court, we can clarify that for the record.

THE COURT: Just the corporation, if it please the Court what?

MR. LANDRIGAN: If the please the Court, any documents provided that are in the plural, we will revise it at this time.

MS. MACO: Katherine Maco from Orrick, Herrington & Sutcliffe, on behalf of KBC Bank NV. And I have with me Carrie Lebigre also from Orrick, Herrington & Sutcliffe.

THE COURT: The plaintiffs move for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant cross-moves for an order dismissing all claims in this action under CPLR 3211(a)(1)(5) and/or (7) and/or CPLR

3212.

The plaintiffs seek a judgment in the sum of $35,110.72 and 56,414.73 euros with interest plus costs of this motion.

The plaintiff also seeks damages for conversion of the plaintiff's money, damages for unjust enrichment and attorney's fees. The claim for attorney's fees has been discontinued by the stipulatio of today's date.

CPLR 3213 provides when an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.

In Banco Popular North America v Victory Taxi Management (1 NY3d 381, 383-384 [2004] the Court said:

CPLR 3213, which allows actions based upon an instrument for the payment of money only to be commenced with a motion for summary judgment rather than a complaint, provides a speedy and effective means for resolving presumptively meritorious claims. A party utilizing this accelerated judgment procedure prevails if, upon all the papers and proof submitted, the cause of action shall be established sufficiently to warrant the court as a matter of law in directing judgment for the plaintiff. Cited in the CPLR 3212(b). Averments merely stating conclusions, of fact

or of law, are insufficient to defeat summary judgment.

The defendant is a Belgian bank with a branch here in New York. Antwerp Diamond Bank, which I will refer to as ADB, is not a party in this action. ADB provides banking services to the diamond mining industry. The individual plaintiff, Mr. Abbas, Hassan Abbas is an attorney. He incorporated the other plaintiff. The two checks are attached as exhibits to the notice of motion. Each check is made out to Midamines SPRL Limited or to Hassan Abbas. Each check is dated August 8, 2012.

On or about August 24, 2012 ADB issued a stop payment order for each check. On or about September 19, 2013, Midamines Congo, another entity, initiated proceedings in Antwerp Commercial Court in Belgium for payment of the checks. On or about September 28, 2012, a Mr. Kaskazini, K-A-S-K-A-Z-I-N-I, and Bradmore International Inc., who is an owner of Midamines Congo, initiated a proceeding in the Commercial Court of Kinshasa in the Democratic Republic of the Congo.

On or about November 7, 2012, the plaintiffs commenced an action in the United States District Court, the Southern District of New York, against the defendant and ADB in relation to what the plaintiffs claimed was a wrongful dishonoring of the subject two checks, unjust enrichment, fraud and conspiracy to commit fraud, money laundering, and

RICO violations. The defendants in that federal court action moved to dismiss the plaintiffs' complaint. That motion was granted. The Court held that the action was dismissed. Appeal was taken to the 2d Circuit Court of Appeals, which affirmed the district court. The plaintiffs submitted a motion for reconsideration which was denied. Both the U.S. District Court of the Southern District of New York and the 2d Circuit issued orders notifying the plaintiffs that any further similar filings might result in sanctions for duplicative, waived and/or meritless filings.

The plaintiff Abbas contends that he had received the two checks for payment of his legal fees. He supplied numerous documents in support of the motion on behalf of the plaintiffs. In Weissman v Sinorm Deli, 88 NY2d 437 at 444 [1996] the Court said: Where the instrument requires something in addition to defendant's explicit promise to pay a sum of money, CPLR 3213 is unavailable. Put another way, a document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms. The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document.

The Court said in G.O.V. Jewelry v United Parcel Service, 181 AD2d 517 and 517 to 518 [1st Dept 1992], in

referring to CPLR 3213: This section is properly used where an action is based upon an instrument for the payment of money only. Its purpose is to provide an accelerated procedure where liability for a certain sum is clearly established by the instrument itself.

The defendant asserts that ADB was entitled to stop payment on a check which is a teller's check (see Lo Monaco v Belfiore, 175 AD2d at 60 [1st Dept 1990] where the Court said: A teller's check, by contrast, is drawn by a bank against funds it maintains at another bank as a customer and, in that capacity, the drawer bank may by order stop payment of any item payable for its account.

The defendant contends against the plaintiffs referring to UCC Sections 4-302 and 4-213 and claims for conversion and unjust enrichment. The defendant contends that these claims are not suited to accelerated CPLR 3213 treatment, which is, of course, correct.

As to the duplicativeness (sic) of the unjust enrichment and conversion claims with the claim for payment on the checks (compare Sebastian Holdings, Inc. v Deutsche Bank, 108 AD3d 433 and 433-434 [1st Dept 2013]) where the Court said: The conversion claim and quasi contract claims were also properly dismissed. The conversion claim was duplicative of the contract claim, and quasi contract claims cover the same subject matter as the express contract among

the parties (citing to Clark-Fitzpatrick, Inc. v Long Island Railroad, Company, 70 NY2d 382 [1987]). In that case, the Court of Appeals said: The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. A quasi contract only applies in the absence of an express agreement and is not really a contract at all but rather a legal obligation imposed in order to prevent a party's unjust enrichment.

Here, the plaintiffs have not made out a prima facie case under CPLR 3213. The checks are not made out to either of the plaintiffs. The plaintiff, Mr. Abbas, does refer to both his own statements as well as documentation outside the checks themselves. CPLR 3213 treatment does not apply here.

As to the cross-motion to dismiss, in order to succeed on the motion pursuant to CPLR 3211(a)(1), documents upon which the movant relies must definitively defeat the cause or cause of action of the opposing party (see A.G. Capital Funding Partners, L.P. v State Street Bank & Trust Company, 5 NY3d 582 [2005]; Scott v. Bell Atlantic Corp 282 AD2d 181-183 [1st Dept 2001]; Fishbach and Moore, Inc. v K.W. Howell Company, Inc., 240 AD2d 157 [1st Dept 1997].

Generally, on a motion to dismiss pursuant to CPLR

Proceedings

3211(a)(7), the complaint is to be liberally construed. The factual allegations in the complaint must be accepted as true. Plaintiff must be given the benefit of all favorable inferences therefrom, and the court must decide only whether the facts alleged fall under any cognizable legal theory (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342 351 [2013]; Lee v Dow Jones & Co., Inc., 121 AD3d 548 [1st Dept 2014]; Siegmund Strauss, Inc. v East 149th Realty Corp., 104 AD3d 401 and 403 [1st Dept 2013.]

As the defendant asserts in the federal courts plaintiff sought the same relief as in this action, payment of the value of the checks. When the Midamines Congo account was opened, there was an agreement to be bound by the general conditions for banking operation. The conditions have a broad forum selection clause and governing clause citing the laws of Belgium including the courts of Antwerp to be the competent cause for a commencement of any disputes.

In Landau, P.C., v LaRossa, Mitchell & Ross, 11 NY3d 8 at 12-13 [2008] the Court said: The doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein.

In People v Evans 94 NY2d, 499 [2000] the court said: Res judicata and collateral estoppel generally deal with preclusion after judgment. Res judicata precludes a party from asserting a claim that was litigated in a prior action, while collateral estoppel precludes relitigating an issue decided in a prior action. In a civil proceeding, a party is entitled, by statute, to a dismissal based on issue preclusion or claim preclusion (citing CPLR 3211(a)(5).

In Rand v Texaco, Inc., 305 AD2d 285 [1st Dept 2003] Plaintiff's prior federal claim, in which he sought attorney's fees for himself as a result of a successful underlying federal action, was dismissed on the ground of untimeliness and on the merits, which dismissal was affirmed by the Second Circuit on both grounds. Plaintiff's present claim for attorney's fees is essentially the same claim, arising from the same facts and transactions, and is, therefore, barred by the doctrine of res judicata, even though based on different theories of recovery. Furthermore, even if not barred by res judicata, plaintiff's claim would be barred by the doctrine of collateral estoppel.

All the claims raised by the plaintiffs here were raised in the Federal Court action and/or could have been raised there.

In Boss v American Express Financial Advisors Inc.,

15 AD3d 306 and 307 and 3 301 [1st Dept 2005], affirmed 6 NY3d at 247 [2006], the Court stated:

It is the well-settled policy of the courts of this state to enforce contractual provision for choice of law and selection of a forum for litigation. The forum-selection and choice-of-law clause is prima facie valid. In order to invalidate the clause, plaintiffs must show that its enforcement would be unreasonable, unjust or would contravene public policy, or that the clause is invalid because of fraud or overreaching.

As to the request for sanctions made by the defendant pursuant to 22 NYCRR 130-1.1(d) such a request must be made by a formal motion made in conformity with CPLR 2214 or 2215 or the court can do so sua sponte.

The Court did say in the matter of Herskowitz v Tompkins, 184 AD2d 402, 404 [1st Dept 1992] In this case, the numerous duplicative, senseless, confusing and sometimes illogical motions interposed by the petitioners warrant a finding that the conduct engaged in by petitioners was undertaken primarily to delay the resolution of the underlying action and to harass and/or maliciously injure the respondents herein.

The defendant notes that the federal courts have warned the plaintiffs and cautioned them that they may be subject to leave-to-file sanctions if they continue to file

papers. In Tsabbar v Auld, 26 AD3d 233 and 234 [1st Dept 2006] the Court said:

Inasmuch as plaintiff, undeterred, has, by bringing the instant motion, continued to press the same patently meritless claims, sanction for frivolous conduct should now be imposed and defendants reimbursed for the reasonable expenses and attorneys' fees incurred by them in responding to the motion.

In Borstein v Henneberry, 132 AD3d 447 and 452 [1st Dept 2015] the Court said: Coupled with these earlier incidents, the commencement of this action exhibits a broad pattern of delay, harassment and obfuscation that warrants the imposition of sanctions and attorneys' fees.

The Court has addressed most of the issues that were raised by the attorneys and the plaintiff when he was pro se - he is an attorney - and well argued, actually, by both sides. Therefore, it is the decision and order of the Court denying the motion and granting the cross-motion with $100 attorney's fees to be paid by the plaintiffs in total to the defendant pursuant to CPLR 8106 and 8202 in lieu of any sanctions. Sanctions have not been shown to be appropriate at this time.

As I cited to in the three cases, the first one spoke of numerous; the second one spoke of continue to press, and the third one spoke of board pattern. Here, in

state court, at least, there has only been this one motion, but the plaintiffs should be mindful of the fact that they have already been warned in Federal Court and can take this as notice of the possibility that if another meritless case with meritless claims which rise to the level of frivolity are asserted in another action or in any further motion, the plaintiffs could be subjected to sanctions at that point.

That concludes this Court's opinion.

*********

It is hereby certified that the foregoing is a true and accurate transcript of the proceedings.

ALDORINE WALKER
Senior Court Reporter